## THE STATE *versus* EPHRAIM R. LAMOS.

The jurisdiction of the licensing board, under Rev. St. c. 36, like that of all inferior magistrates, must appear affirmatively, and cannot be presumed or inferred.

Unless the proceedings of the licensing board in revoking the license of an innholder, by virtue of the provisions of Rev. St. c. 36, § 15, show that they were founded upon a *complaint* to them, their acts in that respect will have no validity.

But it is not necessary, that the complaint should be in writing, signed and sworn to, as the law requires in complaints in criminal proceedings before a magistrate, to authorize him to issue a warrant.

THE following is a copy of the exceptions : —

"Indictment found by the grand jury at the last Oct. term against the defendant for presuming to be and being a common innholder, on the first day of June last, and between that day and the finding of said bill, without being licensed therefor according to law, and without being duly authorized therefor.

"*Plea not guilty.* On the trial, it was admitted by the defendant, that he carried on the business of a common innholder as alleged.

"In defence, the defendant introduced the records of the licensing board, and by the government, it was admitted, that he was duly licensed as a common innholder during the period in which the offence was alleged to have been committed, with restrictions not to sell spirituous liquors.

"The government then introduced the records of the same board, of which the following is a copy : —

"Saturday, August 5, 1843.

"The undersigned, being a major part of the licensing board of Oldtown, after notifying him of their intention so to do, met at the house kept by E. R. Lamos, gave him a hearing on the charges preferred against him, and being fully satisfied beyond a reasonable doubt, that said Lamos had failed to keep the Wadleigh House according to the conditions and restrictions of his bond and license, did, on said fifth day of August, in accordance with the provisions of the statute, revoke said

license, rendering it of no effect, informing him at the same time of this fact.

> "Samuel D. Hasty, ⎱ Selectmen of
> "Joseph H. Reed, ⎰ Oldtown.
>
> "John Rigby, Town Treasurer."

"Upon the foregoing evidence, the Judge instructed the jury, that they would be authorized to return a verdict of guilty against the defendant, which they accordingly did. To which instructions and ruling of Court, the defendant excepts and prays that his exceptions may be allowed and signed by the Judge presiding.

> "By Cony & Sewall and Cutting, his att'ys.

"The foregoing exceptions being here presented to the Court before the adjournment thereof and being found conformable to the truth of the case are hereby allowed and certified.

> "*Fred. H. Allen, J. D. C.* &c. Presiding at the trial."

*Cutting,* argued for Lamos, objecting, that the jury might have found entirely upon what was done before the attempt to revoke the license, the indictment covering a time before that attempt was made.

That Lamos having given bond to the acceptance of the town, the only remedy was on that bond, and not by indictment.

That the licensing board had no jurisdiction of the matter, and the alleged revocation was a nullity, because no complaint was made, and notice given, before they proceeded to act, as the statute requires.

That it does not appear, that the persons undertaking to act as a licensing board were properly organized to act as a board. It is not pretended, that one of the selectmen, or the town clerk, was ever notified of the meeting.

And that the board had no right to put such restriction in their license. 1 Fairf. 438; 16 Maine R. 121. The statute of 1844, c. 84, authorizing this restriction, was not passed until after this indictment was found.

*Moor,* Att'y Gen'l, for the State, said that the statute of

1844, was merely explanatory of the prior statute, and did not, nor was it intended, to change the law.

The law presumes, that all town officers do their duty, until the contrary is made to appear. *Jackson* v. *Hampden*, 20 Maine R. 37. The town officers in this case, then, are to be presumed to have given all necessary notices, both to the other members of the board and to Lamos.

The town clerk has not a negative upon the acts of the other members of the board. The selectmen, town clerk and treasurer, together, constitute one board, and act as such by a majority of the board, and not as three distinct boards, each having a negative upon the other.

No objection was made to the introduction of the record of the board, revoking the license, and it is now too late to say for the first time, that they had not jurisdiction. Had the objection been made at the trial, it would have been obviated by the introduction of a complaint.

But there is no necessity for any written, technical complaint to authorize the board to revoke a license. It is their duty by the statute, c. 36, § 15, to revoke it, " whenever any instance of a breach of the condition of the bond, shall have come to their knowledge ;" and the additional words, " after complaint, notice to the party complained of, and a hearing thereon," do not release them from the performance of the duty, if the complaint be merely verbal, or by way of information of the facts. He had notice, and attended at the hearing.

The time stated in the indictment was immaterial. The jury must have found the offence to have been committed, after the revocation of the license, or he would not have been found guilty.

The opinion of the Court was drawn up by

Tenney J. — The defendant is charged in the indictment with the offence of presuming to be, and of being a common innholder between the first day of June, and the time of finding the bill at the term of the Court holden in October, 1843, without being licensed therefor according to law, and without

being duly authorized therefor. It was admitted by the defendant, that he carried on the business of a common innholder as alleged in the indictment, and by the prosecuting officer that he was duly licensed as such for the period during which the offence was alleged to have been committed, with the restriction not to sell spirituous liquors. But it was insisted by the latter, that the defendant's license was legally revoked on August 5, 1843.

The defendant not being charged with any other offence than that of being a common innholder *without license,* the correctness of the instructions to the jury, that the evidence authorized a conviction, must depend upon the legal revocation of that license. The town officers, who are authorized to grant a license, are empowered also to revoke it, whenever any instance of a breach of the bond required by Rev. Stat. chap. 36, sect. 2, shall have come to their knowledge, and after complaint, notice to the party complained of, and a hearing thereon. Chap. 36, sect. 15.

The power given by the section referred to, to the board, is important, and its exercise may materially affect the interests of those against whom complaints may be made. Their jurisdiction, like that of all inferior magistrates, must appear affirmatively, and cannot be presumed, or inferred. The authority to give a hearing, and to revoke a license, is not conferred without a complaint, and a notice to the party complained of.

It is not necessary, that the complaint should be in writing, signed and sworn to as the law requires in complaints in criminal proceedings before a magistrate, to authorize him to issue a warrant; neither is it indispensable, that it should be signed by any one; but the language used in the statute implies, that the word complaint is to be understood in its legal sense.

A breach of the bond of a person licensed, may come to the knowledge of the board; this alone is not sufficient to give a hearing after notice; but a complaint is necessary. The legislature could not have intended to have made a distinction between simple information of the breach, and that information given verbally to the board, by way of complaint; such would

be senseless ; but it was evidently their purpose, that after the fact of a breach should become known to them, before they could give the notice to the person accused of having committed it, and proceed to a hearing, the complaint should be in writing and contain an allegation of the charges, with specifications, and the time when, the breach took place. Of all these the party complained of was entitled to reasonable notice, that he might know particularly, what he was called upon to answer, and have opportunity to produce proof, that the charges were unfounded. Without this, there would be a looseness, which would be perfectly anomalous in all proceedings of the same general character. There would be an uncertainty, whether the evidence adduced at the hearing had relation to the charges of which he had notice, or others, which were distinct therefrom ; if the license should be revoked, it could not appear whether it was upon satisfactory proof of the charges alleged, when no record or document existed to show what they were.

The order revoking the defendant's license is in writing, and it is therein stated, that the undersigned, being a major part of the licensing board, after notifying him of their intention so to do, gave him a hearing on the charges preferred against him, and being satisfied beyond a reasonable doubt, that he has failed to keep the Wadleigh House, according to the restrictions and conditions of his bond and license, did revoke said license, rendering it of no effect, informing him at the same time of the fact. No written complaint or copy thereof was introduced at the trial as the basis of the proceedings of the board, nor was there evidence that any was before them at the hearing. The order of revocation was introduced without objection, but if it contained no statement showing a jurisdiction in the board, it certainly was insufficient for that purpose ; and it contains nothing which indicates, that they proceeded under a written complaint. It does not state what charges were preferred against the defendant ; and they could have jurisdiction only on complaint of a charge that the condition in the bond, which the law authorized them to insert, had been broken. *Crosby* v. *Snow & al.* 16 Maine R. 121.

The board found the defendant guilty of not keeping the Wadleigh House according to the conditions and restrictions of his bond and license, and for that cause his license was revoked. Whether this was the charge preferred against him or not; or whether the conditions and restrictions in the bond and license, which they found he failed to observe were those, which could be legally required, even if written complaint was not necessary, no proof was adduced to show.

*Exceptions sustained.*