THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADAM
   SHUSTER, Appellant, *v.* WILLIAM A. HUMPHREY et al.,
   Commissioners of Police of the City of Poughkeepsie,
   Respondents.

i. REMOVAL OF VETERAN FROM CITY POLICE FORCE. By force of the
provisions of chapter 577 of Laws of 1892, and of the charter of the city
of Poughkeepsie (L. 1896, ch. 425), the police commissioners of that city
have a right to remove from the police force an honorably discharged
Union veteran of the civil war, only after they have duly convicted him
on a definite preferred charge, upon a hearing on that charge; they have
no right to remove him for a cause not appearing in the charge preferred
and not embraced in the issue tried.

2. GROUND OF REMOVAL MUST BE CONFINED TO CAUSE SHOWN AND
HEARD. When a single definite charge has been preferred against such
a member of the police force, and the commissioners have heard and con-
victed him on that charge only, they cannot remove him on that ground
and also on one or more other grounds.

3. REMOVAL UPON ADDITIONAL GROUNDS TO THAT CHARGED AND
HEARD. A charge was preferred against a veteran member of the police
force of the city of Poughkeepsie of "having made an illegal arrest,"
with specifications. He was notified thereof, and a hearing was had by the
police commissioners, resulting in dismissal from the force. On certiorari,
the commissioners' minutes, included in the return, showed that at the
close of the evidence a motion was made, seconded and carried, that the
relator "be dismissed from the force for incompetency and trying to
deceive the board." The return stated that "after the testimony had
been taken the board unanimously found the relator guilty of the charges
and dismissed him from the force because of such finding and for incom-
petency and endeavoring to deceive the board." *Held*, that the return
was, in effect, that the commissioners removed the relator for incompe-
tency and an attempt to deceive them, which were not charged, as well
as for an illegal arrest, which was charged; that the return therefore
compelled the conclusion that in fixing the punishment the commissioners
were influenced by the incompetency and the effort at deceit, in relation
to which there was neither charge preferred nor trial had; and, hence,
that the commissioners exceeded their power.

*People ex rel. Shuster* v. *Humphrey*, 22 App. Div. 632, reversed.

(Submitted April 19, 1898; decided June 7, 1898.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered

January 31, 1898, affirming, on certiorari, the determination of the respondents dismissing the relator from the police force of the city of Poughkeepsie.

It appears by the record that the determination of the commissioners was confirmed, without costs, and that three of the justices concurred, while two dissented.

The facts, so far as material, are stated in the opinions.

*W. L. De Lacey* for appellant. The commissioners had no power to remove the relator without a trial and for a cause shown, as he was a veteran of the late war. (L. 1892, ch. 577; L. 1896, ch. 425, § 141, subd. 8.)   The acts for which the relator was tried and convicted by the police commissioners do not come within the provisions of the charter of the city of Poughkeepsie. (*People ex rel.* v. *Fire Comrs.*, 43 Hun, 554; 106 N. Y. 257; *People ex rel.* v. *French*, 119 N. Y. 493; *People ex rel.* v. *Police Comrs.*, 155 N. Y. 45.)

*J. L. Williams* for respondents. The respondents, commissioners of police, had jurisdiction of the subject-matter. No rule of law affecting the rights of the relator was violated to his prejudice. There was competent proof of the facts to authorize the making of the determination. (Code Civ. Pro. § 2140; *People* v. *Board of Police*, 39 N. Y. 517.)

VANN, J. On the 15th of April, 1895, the relator was appointed a patrolman of the city of Poughkeepsie, after passing the civil service examination as provided by law. He was a veteran of the Civil war and had never served in the Confederate army or navy. After serving two years in the Union army and receiving an honorable discharge, he enlisted in the navy and served until the close of the war, when he was honorably discharged from that branch of the service also. On the 5th of May, 1897, he was charged by the mayor of the city " with having made an illegal arrest, in that, without a warrant and without probable cause, he, on or about April 23d, 1897, illegally arrested and detained and brought to the

station house one Lewis Richardson, and declined to make a charge against him, whereupon said Richardson was discharged by the sergeant in charge." On the 7th of May following, he was tried upon this charge, and evidence was given tending to show that he made an arrest, without a warrant, for a misdemeanor not committed in his presence, upon the complaint of a man who claimed that the person arrested had assaulted him, and that he was drunk and disorderly. At the instant that this complaint was made, the alleged wrongdoer was running away, and the relator placed him under arrest and took him to police headquarters with the understanding that the complainant was to follow immediately and make a formal complaint. Upon arriving at the police station the relator declined to make any charge himself against the prisoner, who, as the complainant did not appear, was discharged after a detention not exceeding five minutes in duration.

As the relator was an honorably discharged soldier and had never served in the Confederate army or navy, the commissioners had no power to remove him " except for cause shown after a hearing had." (L. 1892, ch. 577.) The charter of the city of Poughkeepsie, which is a public act, provides that the board of police commissioners of that city have power " to punish any member of the police force on conviction of any legal offense, or neglect of duty, or violation of rules, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct, or conduct unbecoming an officer, or other breach of discipline, by reprimand, forfeiting or withholding pay for a special time, or dismissal from the force, but no more than thirty days' pay shall be forfeited for any offense." (L. 1896, ch. 425, §§ 141, 193.)

The relator was entitled to a trial upon charges preferred, and the commissioners had no right to remove him until after they had duly convicted him on one or more of such charges. This is necessarily implied from the words " hearing," " cause shown," " conviction," etc., as used in said statutes. After a lawful conviction upon a definite charge made under the

30

statute, they had the right to remove him for that "cause shown," but they had no right to remove him for a cause not appearing in the charge preferred and not embraced in the issue that was tried. They could not convict him of one thing and remove him for another. If they convicted him of making an illegal arrest they could not remove him on that ground, and on one or more other grounds not embraced in the charge nor covered by the evidence, yet this is what the commissioners, according to their return, actually did. Their minutes, which are part of the return, show that at the close of the evidence a motion was made, seconded and unanimously carried "that Officer Shuster be dismissed from the force for incompetency and trying to deceive the board." According to this statement of their official action, which is all that appears on the subject in their original minutes, the commissioners do not appear to have convicted the relator upon the charge preferred or to have dismissed him on that ground, but upon two independent grounds, as to neither of which was there a trial or hearing. In another part of their return, however, the commissioners state that "after the testimony had been taken the board unanimously found the relator guilty of the charges and dismissed him from the force because of such finding and for incompetency and endeavoring to deceive the board." This was not an entry upon their minutes nor a record made at the time of their official action, but a statement framed in response to the command of the writ of certiorari.

Assuming that the charge of making an illegal arrest was sufficient to justify a conviction, and assuming also that the board actually convicted the relator of that offense, still no charge of incompetency or endeavoring to deceive the board was made against him, and he was neither tried nor convicted upon either of those grounds. Yet the learned commissioners themselves say that they removed him for incompetency and an attempt to deceive them, which were not charged, as well as for an illegal arrest which was charged. The punishment which they inflicted was the most severe that the law author

izes, and we are compelled to assume that in fixing the penalty to be inflicted, the incompetency and deceit had an influence upon their minds. If it did not, why did they say so in their return, and why did they formally enter upon their minutes the charges not preferred and never tried, as the only grounds upon which they acted in dismissing the relator from the force? We can hardly conceive that the commissioners, as reasonable men, would dismiss a patrolman who was in good standing, so far as the record discloses, simply because he made an honest mistake in arresting a man without a warrant when he had no right to do so. The arrest was not accompanied by actual violence nor by any aggravating or annoying conduct, and the prisoner was deprived of his liberty for only a short time. Even if a dismissal, based solely upon a conviction for making the arrest, would be a reasonable punishment, under the circumstances, the record does not permit the inference that the removal was founded upon that charge alone, for the commissioners say that they dismissed him for other reasons also. The return compels us to conclude that, in fixing the punishment to be inflicted, they were influenced to some extent, at least, by the "incompetency" and the effort at deceit, in relation to which there was neither charge preferred nor trial had. As we have recently said: "The relator was not subject to removal except for some legal cause, to be ascertained and adjudged as matter of fact upon a hearing." (*People ex rel. Kasschau* v. *Police Comrs.*, 155 N. Y. 40, 44.) Yet he has been adjudged guilty of one offense and removed for three offenses, as to two of which it does not appear that he had ever heard.

We think that the commissioners exceeded their power and that the order appealed from should be reversed, with costs.

HAIGHT, J. (dissenting). I must dissent from the conclusions reached by Judge VANN. As I read the record, there is absolutely no question of law raised for our review. The charge made against the officer by the mayor of the city was that he had made an illegal arrest of a citizen without a war-

rant and without probable cause; that he had illegally arrested and detained, and brought to the station house, one Lewis Richardson, and then declined to make a charge against him. He was given notice of the charge on the 3d of May, and required to be present and answer thereto on the 5th. He then appeared and asked for an adjournment until the 7th, which was granted, and on the 7th he reported himself as ready for trial and it proceeded. His own testimony showed that he made the arrest without a warrant; that he had not seen any disorderly conduct, and would not swear that the person whom he arrested was drunk. He also conceded that he had been furnished with the book of rules containing the duties of policemen, and yet he did not know that he had no power to make an arrest without a warrant for misdemeanors that were not committed in his presence, but supposed if a person made a complaint against another, it was his duty to arrest the person. At the conclusion of the trial the minutes of the commissioners of police showed that the relator was unanimously dismissed from the force "for incompetency, and for trying to deceive the board." The return, however, shows that he was found guilty of the charge of making an illegal arrest, and was dismissed from the force because of such finding, and for incompetency and endeavoring to deceive the board. I think that we are bound by the return made by the commissioners, rather than by the brief minutes kept upon the trial; but, even assuming that he was discharged for incompetency and for endeavoring to deceive the board, as stated in the minutes, no legal error is presented for which we can reverse. The making of an illegal arrest is a serious matter. A person may be liable criminally therefor, as for an assault, and also to a civil action for damages. By way of excusing himself, he said that he had often made like arrests without warrants, and supposed that he had a right to. The fact, therefore, that he made the arrest without a warrant, of itself indicated incompetency, and his own testimony showed that he was wholly ignorant of the rules of the force, which should govern and control his action. Incompetency is not a crime. It is, however, a ground upon which

a policeman may properly be removed. It is not so aggravated as the charge made, it is true, but is lesser and included therein.

It is well settled that, in the execution of the criminal law, a person may be convicted of a lesser crime than that charged in the indictment, if it be embraced in and covered by the facts charged. He was not charged with endeavoring to deceive the board, and it is possible that his conviction and removal should not have been based upon this finding, but he was convicted of incompetency, and for this he was removed.

It is intimated that the sentence was harsh. It does not so appear to me. If he is incompetent he ought not to be retained. The police commissioners, in the discharge of their public duties, have no right to retain an incompetent man, and the very fact that he had interfered on a number of occasions with the rights and liberty of citizens illegally, fully justified the action of the board.

The order should be affirmed.

PARKER, Ch. J., O'BRIEN, BARTLETT and MARTIN, JJ., concur with VANN, J., for reversal; GRAY, J., concurs with HAIGHT, J., for affirmance.

Order reversed.