### FIRE DEPARTMENT—REMOVAL OF MEMBER.

[Cuyahoga Circuit Court, December 22, 1900.]

STATE EX REL. HUSSEY v. HERBERT H. HYMAN, DIRECTOR.

Caldwell, Marvin and Hale, JJ.

1. MUNICIPAL DEPARTMENTS—FAILURE OF MEMBER TO PAY DEBTS.

Section 1545, Rev. Stat., of the federal plan law of Cleveland, providing that no member of the "police, fire or sanitary police force, shall be removed or reduced in rank, except for cause" contemplates, to authorize removal, a proper and sufficient cause.   The mere fact that a member of a department owes a small debt, which he has neglected to pay, would not justify his removal, under a rule of the department requiring members to promptly pay their debts, particularly where it does not appear how long he has owed the debt or that he has ever refused to pay it.

**2. EVIDENCE RESTRICTED TO CHARGES IN SPECIFICATIONS.**

> Where the member of a municipal department is charged with the violation of a rule of the department requiring members to promptly pay their debts, and the specification filed charges the failure to pay a certain claim, evidence that such member has failed to pay other debts is incompetent.

APPEAL.

*J. H. McCormick, Noble, Pinney & Willard,* counsel for plaintiff.

*T. H. Hogsett, Beacom, Excell & Gage,* counsel for defendant.

MARVIN, J.

The case of the state of Ohio on relation of Hugh O. Hussey, against Herbert H. Hyman, director of the fire service of the city of Cleveland, is here on appeal from the court of common pleas on proceedings in mandamus, brought for the purpose of having the relator, who was an officer in the fire department of this city, and was removed by the defendant, the director of the fire service of this city, restored to his position in the fire department.

A charge, with the specifications, was filed with the director against the relator, and the charge was "violation of rule 15 of the rules governing the fire department of the city of Cleveland."

The specification sets out upon what facts it is claimed that the rule has been violated. The rule, speaking of the members of the fire department, provides that a member shall:

"Not sell or assign his salary, or incur or contract any debts or liabilities which he is unable or unwilling to pay, or neglect or refuse to honorably discharge and promptly pay all indebtedness, claims and judgments, and satisfy all executions that may be held or issued against him, or commit any assault or breach of the peace, or do any act by which he can be arrested, confined or imprisoned and prevented from performing his duty as an officer or member of the department * * *."

That is not the entire rule, but I have read enough to cover the point that, it is claimed here, was violated.

The specification, setting out the particular fact which, it is claimed, constituted the particular violation of the rule, reads:

"That one Hugh Hussey, a member of the Cleveland department, is now, and for some time past has been indebted to the Peoples' Ice Company in the sum of eight and ten one-hundredths dollars for ice purchased of me; that the said Peoples' Ice Company has often requested said Hugh Hussey to pay the same, but that said Hugh Hussey has neglected and refused to pay the same or any part thereof."

And this is signed by Samuel N. Feskley.

The rule, or rather the authority to act under the rule, is derived from sub-sec. 24 of sec. 1545, Rev. Stat. ; Section 1545, being what is known as "The Federal Plan Law," reads:

"The head of any department, may, by written order, giving his reasons therefor, remove or suspend any officer or employe of such department, provided the same shall not be done for political reasons, and such written orders shall be recorded in the records of the department and a copy thereof filed with the mayor, and provided that no member of the police, fire or sanitary police force, shall be removed or reduced in rank, except for cause, to be assigned in writing after due notice and a public hearing, if demanded by the accused, before a tribunal composed of the mayor, who shall be chairman thereof, the director of law and the president of the city council, but the head of the police,

Hussey v. Hyman.

fire or sanitary police force, as the case may be, may suspend the accused pending the hearing of the charge preferred against them."

What is claimed on the part of the relator here, is, that he was removed without cause; that he was removed for political reasons; that the specification upon which the charge is based, is not sufficient, in itself, to bring him within the rule properly construed; that the facts are such as not to establish the truth of the specification.

After this charge had been preferred against him, he demanded a hearing. That hearing, demanded by the relator, was had before the board provided for in the statute, consisting of the mayor, director of law and president of the fire department, and that tribunal found him guilty as charged, and the sentence was, that he "be and he is hereby discharged from all further service in the Cleveland Fire Department;" the sentence was pronounced by the director and not by the committee.

It is clear that the statute does not authorize a removal except for a proper cause, a sufficient cause. The language of the statute is, that he "no member  *  *  *  shall be removed  *  *  *  except for cause;" but, of course, that means some proper cause.

This specification charges that the officer owed $8.10 for ice furnished to his family, which he has neglected and refused to pay; that he has owed that sum for some time past; the specification not alleging what length of time that debt has stood, and, therefore, not how long he has neglected to pay it; but it is charged that he has refused to pay it.

The majority of the court are of the opinion that the specification itself does not state such facts as would be a proper cause for the removal of an officer from the department.

The simple fact that a member of the force was indebted for $8.10, and that he neglected or refused to pay it, it would seem to us, was a matter that ought not to arise to the dignity of requiring the removal of an officer from the force. Of course, it can well be said that the failure of a member of the department to pay his debts might be very annoying to the head of the department and might be sufficient cause for removal; but the simple fact that a man owed one small debt that he had not paid would not justify his removal from the department.

The court are unanimous in the opinion that under the evidence the specification is not sustained. It is established that he owed the debt of $8.10 to the man, but that he has ever refused to pay it does not appear from the evidence. He has not paid it; but the evidence of the ice-man himself and the relator is to the effect that he promised to pay, he did not refuse to pay. Of course, the director did not know that he did or did not refuse. The director was called upon by the ice-man, and was somewhat annoyed, thereby.

It is probable, as appears from the arguments, that there was some additional reason; and our other reason is, that there were other debts which this man owed, but the court heard enough of that to be satisfied that it was incompetent. It is clear that the man is entitled, when he demands a trial upon a specification, to have the trial upon that specification and nothing else.

These are proceedings somewhat akin to court-martial proceedings, where a charge is set out in general terms and the particular facts relied on are set out by specifications, and the evidence must be confined to such specifications, and the fact that other things are known to those trying the accused will not justify the bestowing of the penalty thereon;

they cannot come into a general trial. Where a man is entitled to a trial, he is entitled to be notified of the things which it is claimed, he has done to justify punishment. People v. Humphrey, 156 N. Y., 231, sets out well the reasons for that proposition.

Entertaining these views, the order of the court will be that the prayer of the relator be granted; and that he be restored to his place in the fire department.