### DONNELLY v. KATZ.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

Appeal from Trial Term, Kings County.

Action by Annie Donnelly against Samuel Katz. From a judgment for defendant, dismissing plaintiff's complaint at the close of her evidence, she appeals. Affirmed, without opinion.

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

James F. O'Neill, for appellant.
Wm. A. Jones, Jr., for respondent.

PER CURIAM. Judgment affirmed, with costs.

WOODWARD, J. (dissenting). The learned court at the trial dismissed the complaint upon its own motion, on the ground that there was a failure to show freedom from contributory negligence, saying:

"I am going to hold that you have not made out absence of contributory negligence; but, more than that, the case discloses contributory negligence."

Of course, in a case of this kind, the plaintiff on appeal is entitled to the most favorable view of the evidence which the jury might properly have taken, and I am of opinion that the learned court erred in its disposition of this case. The facts disclosed, or it was assumed that they did, that the defendant was guilty of negligence, in that he had failed to comply with the provisions of the tenement house act, requiring halls in such buildings to be lighted at night. The plaintiff testified that there was no light in the hall on the occasion of the accident; that the landlord had repeatedly refused to supply lights. The plaintiff testified, without objection, that the premises occupied by her was a tenement house; that she had been there about two months; that no light was furnished in the hall; that she had been in the habit of lighting the toilet room, directly opposite her dining room, with a small lamp; that on the night of the 21st of October, 1905, between 7 and 8 o'clock, she was getting supper for her children, who were coming in; that she took the little lamp, as was her custom, walked out along the hall—

"and I put my hand over and felt the knob of the door—walked as far as the knob of the door, when I thought I had the right handle. In going there I walked along like that (indicating). I thought I had the right handle of the door, and opened it. It was partly open, and I thought it was the toilet, and stepped in and went down, and I don't know any more."

It seems that there were two doors very near together. One door led into the toilet room, the other to the cellar, and it was this cellar door which was partially opened, and which her hand found as she groped in the darkness. A picture in evidence shows the two doors to have been separated only by the casing, and the plaintiff testified that she had not at that time lighted her dining room or kitchen; that it was about their supper time; that she had prepared supper and was waiting for her boys to come in; that there was some light coming into her rooms from outside, but that the hall was pitch dark when she started to place the light in the toilet room.

This was not the case of a stranger going heedlessly forward into a dark hall, nor yet that of a passenger on a sleeping car going out and opening a vestibule door. It was a mother preparing the home for the incoming of her children. The statute made it the duty of the landlord to light the halls. He neglected this duty, and the mother was placing a light in the toilet room; this being necessary because of the absence of light in the hall. In performing this duty, which belonged to the landlord, and while feeling her way in the darkness, she found a door partially open. She knew that the two doors were near together; but she was not bound to keep all the details in mind all of the time, as a matter of law, to meet the requirements of reasonable care. She testified that she walked along the hall, feeling her way, which was an evidence of some degree of care. It was evidence that she was not carelessly proceeding, and whether it was negligent for her to step inside of a partially open door, believing that she was entering the toilet room, was, I believe, a question for the jury. She could safely step into the toilet room. There was no danger to be apprehended in doing that. The danger lay in stepping into the cellarway, which, we may infer from the evidence, descended immediately from the doorway, and which was such a danger as the statute was designed to guard against. It is probably true that it was not negligence on the part of the landlord to construct the hallway and doors as was done in this case, provided he had complied with the statute and provided light; but to maintain these doors, one of them necessarily used many times each day, and one of them leading to a dangerous descent, in juxtaposition, was to invite just such an accident as has happened.

While it is true, of course, that the plaintiff, knowing that the hall was dark, had no right to rely upon the defendant having discharged his duty, she had a right, in the exercise of reasonable care, to go to this toilet room for the purpose of placing a light, and she was not bound absolutely to know which door she was opening. It was a question for a jury to determine, in view of the degree of care which she testified to, and which was not disputed, whether she had exercised that reasonable degree of care which a reasonably prudent woman would or should have exercised under the same circumstances. She had prepared her supper by the firelight and such light as came in through the windows. She was getting ready for the boys to come home, and in doing this she was discharging her household duties. When she went into the hallway with her matches for the purpose of lighting the lamp in the toilet room, she was continuing these du-

ties, a duty made necessary by the neglect of the landlord to perform a statutory duty; and it would be difficult to suggest just what lack of care was manifest on her part—of that reasonable care which people usually manifest under such circumstances. Of course, she might have opened the door, struck a light, and peered in; but that would be exercising a very high degree of care, and she was not bound to do this. Reasonable care is the rule, and what constitutes reasonable care, where the evidence shows affirmatively any degree of care, is properly for the jury, not for the court.

The case of Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420, where the plaintiff, on a bright, clear day, entered a darkened hallway, with which she was entirely unacquainted, walked back toward the end of the hall, and fell down three steps leading to a lower floor, is clearly not controlling here. In that case the plaintiff gave no evidence of any degree of care. She simply walked in out of the bright sunshine into a dark hall, and walked along, evidently assuming the hallway to be level, but taking no pains to know her surroundings. Here the plaintiff gives evidence that she was proceeding with caution, and in order to sustain the judgment of nonsuit we must be able to say that she was bound to distinguish in the darkness between these two doors, the knobs of which were only a few inches apart, where one of the doors, and this the dangerous one, was found open. In the case now before us the plaintiff, after producing two witnesses to show that there were no lights furnished in the hall, offered to produce other witnesses to the same effect, and was met with the declaration of the court that it would, on the evidence as it then stood, dismiss the complaint; and, while plaintiff's counsel admitted that he had no further evidence upon the question of contributory negligence, I think the case presented was one which demanded that the case proceed.

In the case of Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580, where the plaintiff was a guest in the house, and went, as he supposed, to the toilet room, but instead to the cellar stairs, it was held that he was guilty of contributory negligence; but it was upon the proposition that he was ignorant of the situation, and that he proceeded without any effort to inform himself of the situation. And there he could have taken one or two steps after passing through the door before reaching the cellar stairs, while in the case at bar the very first move inside of the door appears to have brought the plaintiff to disaster. Of course, it is easy enough now to point out how she might have avoided the accident; but the question is, under all the circumstances as they appeared at the time of the accident, would a reasonably prudent person have acted as she did? That she exercised some care in feeling her way along the hallway is certain from the evidence; that she had in mind the situation, and that she supposed she had reached the closet door, is quite apparent; and because she made an error in the darkness, and sustained an injury, which was not to have been apprehended, had the defendant furnished the light which the statute required, are we to say that she was not entitled to the judgment of the jury upon the question of contributory negligence? I think not. I think the case presented evidence of care. Whether that was the

reasonable degree of care which the circumstances demanded was not a question of law, but of fact.

Piper v. N. Y. C. & H. R. R. R. Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560, does not present an analogous case. The facts were so entirely different as to make the reasoning in that case absolutely inapplicable to the case now before us. The cases relied upon by the respondent are extreme cases of gross negligence, and have no relation to a case where one in the discharge of the ordinary routine of daily life meets with an accident. "The question is," as suggested by the court in Parsons v. N. Y. C. & H. R. R. R. Co., 133 N. Y. 355, 21 N. E. 145, 3 L. R. A. 683, 10 Am. St. Rep. 450, "whether the injured party, under all of the circumstances of the case, exercised that degree of care and caution which prudent persons of ordinary intelligence usually exercise under like circumstances. This rule must in all cases, except those marked by gross and inexcusable negligence, render the question involved one of fact for the jury." In the case now under consideration there was no gross or inexcusable negligence. There was no going forward in utter ignorance of the situation and without care, as in the cases relied upon by the defendant, but a deliberate going forward to perform one of the household duties in the usual way, with a resulting accident.

The case of Lather v. Bammann, 122 App. Div. 13, 106 N. Y. Supp. 790, is clearly distinguishable. That was a close case, two of the five justices sitting dissenting in a memorandum, and the decision seems to have hinged almost entirely upon the fact that the plaintiff in that action, going into a hall which he knew was dark, closed the dining room door behind him, thus shutting off all the light which might have been afforded, and which the evidence indicated was sufficient to have disclosed to the plaintiff the knob of the bathroom door, which he was seeking. In the case now before us the gas had not been lighted for the evening. The plaintiff went into the hallway for the purpose of placing a light in the toilet room, and it was while performing this duty, which under the statute belonged to the landlord, that she met with this accident. In Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114, and in Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385, the First Department held that it was not contributory negligence, as a matter of law, for a plaintiff to use stairways and halls of a semipublic character in the absence of a light, even where they knew of defects in the carpets or mattings; and a like doctrine was held by this court in Lee v. Ingraham, 106 App. Div. 167, 94 N. Y. Supp. 284, Mr. Justice Bartlett writing.

It was conceded in the Lather Case, supra, that the violation of the provisions of section 82 of the tenement house act (Laws 1901, p. 908, c. 334) afforded evidence sufficient to justify a recovery. The case turned, as here, upon the question of contributory negligence, and great stress was laid upon the fact that when "he walked out of the dining room he knew the hall was dark, yet he deliberately shut the door and excluded what light there was from his apartment; knowing that the door of the bathroom and the stairway were immediately adjoining. The darkness of the hallway," say the court, "which caused

the accident, was thus brought about by his own act in excluding the light from the dining room, which would have enabled him to see the door to the bathroom without exposing him to the risk of falling down the stairway. The plaintiff knew that adjoining the bathroom door was the stairs, and yet deliberately closed the door and shut off the light by which he could see where the door of the bathroom was, and in groping around in the dark mistook the stairs for the door. The immediate cause of the lack of light was the act of the plaintiff in closing the dining room door, which excluded it from the hall." In the case at bar there was no affirmative act on the part of the plaintiff to exclude the light. On the contrary, she was in the very act of providing a light which would have the effect of lessening the landlord's liabilities, and, having furnished evidence of some degree of care in going to this doorway in the dark, a question was presented for the jury, and the court erred in taking it from them.

The Lather Case, supra, as I have already suggested, was a close one, and the fact that the learned justices disagreed upon the point would indicate that, under the rule which requires that, where different inferences may be drawn from the facts, it is for the jury, the decision was one not to be followed beyond the peculiar facts of that case, while the great weight of authority is in favor of submitting questions of this character to the jury under proper instructions. The physical facts in connection with this accident are very similar, but the distinguishing acts of the plaintiff are entirely lacking. It is true, of course, that the plaintiff might have lighted the gas in her dining room, and then opened the door into the hallway, and that this would, perhaps, have afforded sufficient light, so that she might have distinguished between the two doors; but this relates to the degree of care which she might have taken, and negligence is not based upon what we can see, after an accident has happened, might have been done to prevent it, but what reasonably minded people would have done under the same circumstances at the time, and this is always a question for 12 men, duly chosen from the ordinary walks of life, rather than the court.

The judgment appealed from should be reversed, with costs.

MILLER, J., concurs.