(No. 22154.—

ABRAHAM KALMAN *et al. vs.* M. F.. WALSH, Director of Registration and Education, *et al.* Appellees.—(WILLIAM C. NIEDERMEYER, Appellant.)

*Opinion filed February 23, 1934.*

AARON SOBLE, (IRVING GOODMAN, of counsel,) for appellant.

OTTO KERNER, Attorney General, (EARL B. DICKERSON, of counsel,) for appellees.

Mr. JUSTICE HERRICK delivered the opinion of the court:

Abraham Kalman and two other legally licensed practicing dentists in this State, (hereinafter called the complainants,) filed their sworn bill in equity in the superior court of Cook county against M. F. Walsh, individually and as Director of the Department of Education and Registration, and five dentists purporting to constitute the dental committee of such Department, appellees, (hereinafter called the defendants,) seeking to enjoin the defendants from further proceeding in a certain hearing then pending before such dental committee to revoke or suspend the licenses of the complainants as practitioners of dentistry and dental surgery. A general demurrer was filed to the bill. The demurrer was sustained and a decree entered dismissing the bill for want of equity. From such decree this appeal is prosecuted by one of the complainants, William C. Niedermeyer.

The bill challenges the constitutionality of sections 60a and 60c of the Civil Administrative Code (Smith's Stat. 1933, chap. 127, pp. 2767-68; Cahill's Stat. 1933, chap. 24a, pp. 670-671;) on several different grounds, attacks for divers reasons the jurisdiction of the dental committee to hear and pass upon the alleged charges purported to be made against the several complainants, and also avers that the purported charges are not charges within the contemplation of the statute. Other reasons are also alleged in support of the bill and against the validity of the proceeding pending before the Illinois State Board of Dental Examiners, herein referred to as the dental committee.

Sections 60a to 60l, inclusive, were added to the Civil Administrative Code by an act passed by the General Assembly in 1927. The proceeding leading up to the alleged hearing held for the purpose of deciding whether the licenses should be suspended or revoked or the proceeding dismissed was conducted under section 60c. In the case of *Schireson* v. *Walsh,* 354 Ill. 40, we held the amendment of 1927 adding sections 60a to 60l, inclusive, to the Civil Administrative Code was unconstitutional as applied to medical practitioners. For the reasons stated in the opinion in the *Schireson case* we now hold that such amendment as applied to the dental practitioners and dental surgeons is unconstitutional.

A full, adequate and complete provision for the revocation or suspension of a license to practice dentistry in this State is afforded by section 7 of the Dental Surgery act (Cahill's Stat. 1931, chap. 91, par. 78, p. 1849; Smith's Stat. 1931, chap. 91, par. 62, p. 1890;) for any of the causes enumerated in section 7 arising prior to July 7, 1933, on which date an amendment to that section became effective. By the amendment new causes for revocation or suspension of such licenses were added and the period of notice of the time and place of the hearing to the dental surgeon accused was reduced from twenty days to ten days. If any grounds existed at the time of the supposed filing of the alleged charges here involved they must have been for some cause existing prior to July 7, 1933, and notice of the time and place given and copy of the charge furnished in accordance with the statute in existence on the day of the supposed filing of the alleged charges.

The supposed charges and the time and place of the hearing thereon as set forth in the bill are as follows:

"You are hereby notified that in conformity with the provisions of section 62 of chapter 91 of Smith-Hurd's 1931 Illinois Revised Statutes, and section 60c of chapter 127 of Smith-Hurd's 1931 Illinois Revised Statutes,

and in accordance with the terms and provisions thereof, upon the motion of the Department of Registration and Education of the State of Illinois the said Department of Registration and Education will investigate your actions as a practitioner of dentistry and dental surgery, which investigation will be held at 1:30 o'clock P. M. on the 20th day of February, 1933, at room No. 1711, 360 North Michigan avenue, Chicago, Illinois, before the dental committee duly appointed by M. F. Walsh, director, and in connection therewith seek to determine whether or not subsequent to the receipt of your license as a practitioner of dentistry and dental surgery you have by false or fraudulent representation obtained or sought to obtain practice, or by false or fraudulent representation obtained or sought to obtain money or anything of value, or whether you have been guilty of dishonorable conduct within the meaning of section 62 of chapter 91 of Smith-Hurd's 1931 Illinois Revised Statutes.

"In this investigation the Department will inquire into your connection with the offices conducted by the Chicago Dentists, 1445 West Jackson boulevard, Chicago, and particularly prior and subsequent to February 8, 1933, to determine whether you were connected with the illegal practicing of dentistry by said Chicago Dentists, or connected with the practicing of dentistry by said Chicago Dentists, or connected with the practicing of dentistry by mail order, and particularly the making of plates of dentistry by mail order, and particularly the making of plates by individuals not licensed as dentists and not coming into personal contact with the purchasers of said dental plates, which dental plates were not made under the direction or supervision of licensed dentists.

"In this investigation the Department will also seek to determine whether you loaned your name to the Chicago Dentists, or to unlicensed individuals for the illegal practice of dentistry by said Chicago Dentists or the said un-

licensed individuals, and to determine whether by said means you permitted said Chicago Dentists or unlicensed individuals to use a method not considered good dentistry and known by you to be impractical and unfeasible.

"In this investigation the Department will also inquire into your connection with certain advertisements appearing in newspapers and magazines of general circulation in and around the United States, and particularly the advertising matter published in the *Washington, D. C., National Tribune* on October 11, 1932, and the advertising matter published in *Hearth and Homes* and *Good Housekeeping* magazines, in which advertising matter it was set forth and represented that 'Hold-Fast dental plates' furnished by the Chicago Dentists would give the purchasers the comfort and pleasure of comfortably fitting dental plates when such was not the case, and in which advertising matter it was further set forth that the so-called 'Hold-Fast dental plates' furnished by mail were just as good as plates furnished in the usual and recognized method used by dentists.

"In this investigation the Department will also seek to determine your connection with certain letters, form letters and other blanks and forms and literature used by the Chicago Dentists, and particularly letters setting forth that the dental technicians billed the plates for the Chicago Dentists under the supervision of doctors of dental surgery when such was not, in fact, the case.

"At said time and place an opportunity will be given you to be heard in person and by counsel, to cross-examine witnesses against you, and to offer such testimony and other relevant matters in your defense as you may see fit, and at that time and place this Department will seek to determine the truth of said charges and whether your certificate of registration as a practitioner of dentistry or dental surgery should be suspended or revoked on account thereof."

The charges were signed, "Department of Registration and Education, by M. F. Walsh, Director of Registration and Education."

It is apparent from this writing that no charges, as a matter of fact, had been filed as contemplated by the statute. The notice and the supposed charges are all in that one writing. The supposed "written charges" as contained in such writing appear to be rather a galaxy of "whethers" or "whether or nots," rather than written charges of the violation of any of the acts legislated against by said section 7 as it existed prior to July 7, 1933.

The right to practise dentistry is a valuable right. It is a property right within the due process of law clause of the constitution. (*People* v. *Love,* 298 Ill. 304.) Revocation of the license of a professional man to practice his chosen profession carries with it not only disgrace and humiliation but deprives him of his means of earning his livelihood. It is the death of his professional life, and there is usually no resurrection after such a death. In a proceeding of this nature due process of law requires a definite charge, adequate notice, and a full, fair and impartial hearing. (*Klafter* v. *Examiners of Architects,* 259 Ill. 15.) While it is not necessary that charges of professional misconduct, proof of which would justify the suspension or revocation of the license of the practitioner, should be drawn with the same accuracy and certainty as an indictment or information in a criminal case or with the refinements, niceties and subtleties of pleadings in courts of record, yet such charges should be so drawn as to bring the alleged act of misconduct clearly within the purview of the statute and should specify the time and place when and where such prohibited act was committed. The right to proper notice and a sufficient and explicit charge is not procedural but substantive. In the absence of such charges being filed the State Board of Dental Examiners would have no jurisdic-

tion either to proceed with the hearing against the accused or to make a decision therein.

The supposed charge in this record shows that the contemplated hearing was a hearing in the nature of an inquisition similar to an investigation by a grand jury. This is not the hearing that is provided by the statute. Neither the dental board nor the Department has the power, under the statute, to originate or prefer charges against a dental practitioner. The charges against the complainant herein, in order to confer jurisdiction upon the dental committee, should have been in writing, filed with the secretary of the board and contain direct, positive and specific charges based upon the alleged commission by the accused of some of the acts prohibited by section 7. *Blunt* v. *Shepardson*, 286 Ill. 84; *Hewitt* v. *Medical Examiners*, 148 Cal. 590, 84 Pac. 39; *Bley* v. *Board of Dental Examiners*, 7 Pac. (2d) Cal. 1053; *Dyment* v. *Board of Medical Examiners*, 57 Cal. App. 266, affirmed by Supreme Court in 207 Pac. 409; *State* v. *Lamos*, 26 Me. 258; *People* v. *Humphrey*, 156 N. Y. 231.

Under the notice purporting to contain the charges against the complainant and served upon him by the Department, the dental committee has no jurisdiction to conduct the alleged investigation against him or to enter any order revoking or suspending his license. Equity may enjoin an unauthorized professional committee from conducting hearings to revoke or suspend the license of a member of a recognized and duly licensed profession. *Ramsay* v. *Shelton*, 329 Ill. 432.

In view of our holdings herein we do not deem it necessary to pass upon the other errors assigned.

The decree of the superior court is reversed and the cause is remanded to that court, with directions to overrule the demurrer to the bill.

*Reversed and remanded, with directions.*