C. H. Warner et al., Appellants, v. John J. Hallihan and C. O. Wedeberg, Appellees.

Gen. No. 8,912.

Opinion filed July 17, 1935.

OSCAR J. PUTTING, of Springfield, for appellants.

OTTO KERNER, Attorney General, for appellees; J. J. NEIGER, Assistant Attorney General, W. ST. JOHN WINES and G. G. GINNEVAN, both of Springfield, of counsel.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

Appellants filed a petition in the circuit court of Sangamon county for a writ of mandamus to compel John J. Hallihan, individually and as director of the department of registration and education, to set aside an order dismissing proceedings to revoke the license of C. O. Wedeberg to practice dentistry in the State of Illinois; and to expunge from the records of the department such order of dismissal. Demurrers to the petition were filed by appellees and sustained. Appellants elected to stand by their petition, and the court dismissed the petition and entered judgment against petitioners for costs of suit. The appeal is brought to this court to review such judgment.

The petition alleges that the appellee C. O. Wedeberg received his license to practice dentistry in Illinois on December 14, A. D. 1920; that on November 14, 1932, complaint was filed with the director of the department of registration and education charging said C. O. Wedeberg with violation of the dental act

by being misleading in advertising; that the said C. O. Wedeberg was duly notified, according to law, and a hearing had on said charges before the dental committee of the department; that after the evidence was taken in behalf of all the parties the said dental examining committee of the department on the 20th day of February, A. D. 1933, rendered its decision finding the charges in said complaint to be true and recommending the revocation of the license of the said C. O. Wedeberg to practice dentistry in the State of Illinois; that after such decision a petition for rehearing was filed by the said C. O. Wedeberg with M. F. Walsh, the then director of the department of registration and education of the State of Illinois; that the said director M. F. Walsh, without lawful right, power or authority of any kind whatever, did on July 27, 1933, enter an order dismissing said proceedings; that since said date the term of office of said M. F. Walsh has expired and the appellee John J. Hallihan became and still is acting as the director of said department; that demand was made on the said John J. Hallihan as such director, to set aside, vacate and expunge the official record of dismissal of said proceedings but that he has refused so to do; that it is the duty of said director to expunge said record of dismissal and to consider the petition for rehearing; that because of such refusal the board of dental examiners has been deprived of its right to pass upon the rehearing filed in said cause; and that the correct exercise of the powers and duties of the said director in regard to the charges against C. O. Wedeberg are of great public interest and a matter of concern to the People of the State of Illinois generally.

The prayer of the petition asks that the department be required to expunge the record of director Walsh, and that director Hallihan be directed to consider the evidence and sustain the finding of the dental committee, or remand the matter to said dental committee

for further consideration on a rehearing or to refer the matter to some other committee to be selected by director Hallihan, and that such further orders may be entered as justice shall require.

The principal argument of appellants revolves around the question of whether the director of registration and education had power to dismiss a proceeding to revoke or suspend a dentist's certificate or license during the pendency of petition for rehearing filed with such director. It is contended that the statute contains no power or authority to enter an order of dismissal. The appellants further urged that the director had the lawful power to refuse or to grant a rehearing but that the dismissal of the petition for rehearing was entirely unwarranted.

The only provision of the statute concerning a rehearing was that contained in the last paragraph of section 60a of the Civil Administrative Code, Cahill's St. ch. 24a, ¶ 61(1), which provided as follows: ''Whenever the Director is satisfied that substantial justice has not been done either in an examination or in the revocation of or refusal to renew a license, certificate or authority, he may order re-examinations or re-hearings by the same or other examiners.'' There is no other provision covering such a proceeding by the director and therefore the petition in this cause must be predicated upon the section above quoted. Sections 60a and 60-l inclusive, Cahill's St. ch. 24a, ¶¶ 61(1)–61-l, were added to the Civil Administrative Code in 1927 and have been twice held by the Supreme Court to be unconstitutional. *Schireson v. Walsh,* 354 Ill. 40; *Kalman v. Walsh,* 355 Ill. 341. The appellants contend that the validity of an act cannot be involved in an appeal where it is not raised in the trial court but first appears in briefs on appeal but we do not consider that any constitutional question is involved on this appeal. No right can be predicated upon an unconstitutional law, *People v. Butler Street Foundry*

*& Iron Co.,* 201 Ill. 236. ''An unconstitutional act is not law.' It confers no rights; it imposes no duties; it affords no protection; it creates no office. It is, in legal contemplation, as inoperative as though it had never been passed.'' *Chicago, W. & V. Coal Co. v. People,* 214 Ill. 421; *Board of Highway Com'rs v. City of Bloomington,* 253 Ill. 164. The right upon which this petition is predicated, being based upon a law declared unconstitutional by our Supreme Court, does not raise a constitutional question in this case and affords no basis for writ of mandamus. The petition does not set forth any other reason for granting the relief demanded and it was proper for the appellees to challenge the sufficiency of the petition by demurrer as was done in the *Kalman* case, *supra.*

A party petitioning for a writ of mandamus must show a clear and undoubted right to the relief demanded and the writ will not be awarded except in a clear case. *People ex rel. Molchan v. City of Streator,* 258 Ill. 273. Even though the statute does not expressly authorize the director of the department of registration and education to enter an order dismissing a petition for rehearing the petition filed in this case does not disclose on its face such a clear right to the relief asked for as to warrant a court to award a writ of mandamus. We feel that the action of the circuit court of Sangamon county in sustaining the demurrers to the petition of appellants was correct and the judgment of that court will therefore be affirmed.

*Affirmed.*