CHARLES K. DONNELL, PETITIONER FOR WRIT OF CERTIORARI

*vs.*

BOARD OF REGISTRATION OF MEDICINE.

Androscoggin.     Opinion February 24, 1930.

*Louis J. Brann,*
*Frank T. Powers,*
*John D. Clifford, Jr.,* for petitioner.
*Clement F. Robinson,* Attorney General, for the State.
*Fred H. Lancaster,* County Attorney, for Board of Registration
of Medicine.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, FARRINGTON, JJ.

BARNES, J.   In June, 1929, petitioner, a resident of Lewiston, was legally possessed of a certificate of registration as a physician or surgeon.

Unless registered he could not lawfully practice medicine or surgery within the state.

At the June term of the Superior Court of Androscoggin County, in 1929, in the case, *State* v. *Donnell and Edwards*, petitioner was indicted and tried, with another, for manslaughter.

The verdict of the trial jury was "guilty." Motion to the trial Judge, after verdict and before sentence, for a new trial, was over-ruled.

Appeal was entered to our court of last resort, and sentence was pronounced, its execution being suspended pending the appeal.

Thereafterward, the Board of Registration of Medicine, after notice and hearing, revoked the certificate and cancelled the registration of the petitioner, acting under authorization in Sec. 14, Chap. 18, of the Revised Statutes, which provides: "Said board, after a conviction before a proper court, for crime in the course of professional business, of any person to whom a certificate has been issued by them, and after hearing, may by vote of two-thirds of the entire board revoke the certificate and cancel the registration of the person to whom the same was issued."

At the September term of the Supreme Judicial Court, for Androscoggin County, and before decision on the appeal for a new trial under the indictment for manslaughter, petition for certiorari against the Board of Registration of Medicine was presented, the grounds alleged being that petitioner had not been "convicted" of the commission of crime.

The case, upon agreed statement of facts, was reserved for the Law Court, and is the case at bar.

Petitioner contends that return of a verdict of guilty is not the "conviction" which by the statute is a prerequisite to revocation of certificate in a case like this.

Even superficial reading of statutes and opinions of courts interpreting them reveals that in the language of criminal jurispru-

dence, here and in Great Britain, the word "conviction" has distinct and different meanings.

As naming the stage of a trial reached when respondent pleads guilty or by a jury is found guilty, "conviction" is by many courts, and in Chapters 136 and 137 of our Revised Statutes, as elsewhere therein, used to express the state of the respondent, before the conclusion of his case. *State* v. *Morrill,* 105 Me., 207 ; *State* v. *Stickney,* 108 Me., 136.

That conclusion is the judgment of a court having final jurisdiction of the case.

It is the contention of petitioner that in the statute regulating revocation of a physician's certificate of registration, conviction is the judgment of the court, which is to be reached before execution of sentence, and not the return of the adverse verdict.

With this interpretation of our statute we agree, and decisions of other courts, upon different statutes, can not be greatly helpful in the matter of construction of the Maine statute.

Perhaps the cases involving the removal of public officers, as disqualified for commission of a crime while in office, are most nearly analogous to the case at bar, but they are few in number.

*Faunce* v. *People,* 51 Ill., 311, deals with the question of what amounts to a conviction that will preclude the giving of testimony, under a statute declaring that a person convicted of a certain crime shall be rendered incapable of holding office, giving testimony, etc. There it is held that a judgment on the verdict is essential to conviction that will disqualify a witness ; and it may be inferred that a similar construction would have been given the statute had that part of it been involved which declared the person convicted incapable of holding office.

In *Commonwealth* v. *Lockwood,* 109 Mass., 323, which required the interpretation of the word "conviction" in a constitutional provision relating to the pardoning power, the court say, in what in that case was but dictum, "The ordinary legal meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt ; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court

before which the trial is had, declaring the consequences to the convict of the fact thus ascertained." This, then, is the usual and altogether the most common meaning of the word "conviction." *Munkley* v. *Hoyt et al*, 179 Mass., 108.

In a case where it was held that a verdict of guilty, upon which no judgment had been entered, was not within the provision of a statute excluding from the elective franchise persons convicted of felony, the court say, referring to the Lockwood case (Mass.), "Here we have a judicial intimation of much weight, to the effect that a constitutional disqualification dependent upon an officer having been convicted of bribery or corruption in procuring his office contemplates 'the judgment of the court upon the verdict or confession of guilt.'" *People* v. *Fabian*, 192 N. Y., 443, 85 N. E., 672.

In ruling on what constitutes conviction of crime as affecting the credibility of a witness the court held in *Commonwealth* v. *Gorham*, 99 Mass., 420, that "conviction" implied a judgment of the court. In that case the Court say, "The term 'conviction' is used in at least two different senses in our statutes. In its most common sense it signifies the finding of the jury that the prisoner is guilty; but it is very frequently used as implying a judgment and sentence of the court upon a verdict or confession of guilt."

To same effect see, *Dial* v. *Commonwealth*, 142 Ky., 32, 133 S. W., 976; *Commonwealth* v. *Kiley*, 150 Mass., 325; *Daughtrey* v. *State*, 46 Fla., 109, 35 S., 397; *Blaufus* v. *People*, 69 N. Y., 107; 25 Am. Rep., 148.

The most recent case that has come to our attention is, *Smith, Plaintiff in Error* v. *Commonwealth of Virginia* (1922), 113 S. E., 707, a proceeding brought to secure the removal from office of a County Attorney, where the complaint charged that while acting as such official Smith had been "convicted of an act constituting a violation of a penal statute involving moral turpitude." In this case it was held, "Where the context in which the word is found concerns not merely the particular case, but the effect of the conviction of the accused in one case, when pleaded or given in evidence in another, the word 'conviction' or 'convicted,' includes the judgment of the court upon the verdict or confession of guilt."

In this state, on the question of the competency of a witness before the removal of disability by Chapter 53 of the Laws of 1861, our court held: "Such evidence as could be admitted to establish the incompetency of the witness at the time of trial, on the ground of his infamy, was the record of a court having jurisdiction of the conviction and the judgment." *State* v. *Damery*, 48 Me., 327.

"'Conviction' is an adjudication that the accused is guilty." *Nason* v. *Staples*, 48 Me., 123; *Woodman of the World* v. *Dodd* (Tex.), 134 S. W., 254.

A later case is cited as not in accord with the above, but in that case we find the law correctly stated, "When no issue of law or fact remains to be determined, and there is nothing to be done except to pass sentence, the respondent has been convicted." *State* v. *Knowles*, 98 Me., 429.

To like effect, where a statute provided that the certificate of registration of a pharmacist should not be revoked until after conviction by a court of competent jurisdiction, in a case where a registered pharmacist had pleaded guilty of an offense punishable by law, and thereupon, respondent claiming no appeal, but moving that the complaint be placed on file, it was filed, and there had since been no other order or proceeding in the case, the Court say, "We are of the opinion that at this stage of the case the accused stands before the board of pharmacy exactly as before the court where his guilt has been established by his plea or by a verdict of a jury. If in that court his case is ripe for sentence, it must be considered as ripe for sentence before the board. It is the intention of the statute to give a pharmacist charged with crime the right to a trial in the court having jurisdiction of his offense, but if his guilt is there established so that the court may impose sentence according to its powers, then it is sufficiently established for the board of pharmacy to act upon their finding, and to impose the penalty according to their powers." *Munkley* v. *Hoyt*, supra.

In the case at bar an issue "remains to be determined"; the case is not "ripe for sentence."

Petitioner, one of the respondents in *State* v. *Donnell and Edwards*, was entitled to more or perhaps other than trial in the Superior Court. Not satisfied with the verdict there he appealed.

The end of a criminal case is not reached when an appeal fol-

lows verdict, presenting a question of law. The case is pending, notwithstanding verdict and sentence.

"They (such cases) shall be marked 'law' on the docket of the county where they are pending, and there continued until their determination is certified by the clerk of the law court to the clerk of courts of the county, etc.," Sec. 46, Chap. 82, R. S. of Me.

It goes without saying that the "determination" of the law court may not end the case. A new trial may be granted. The indictment, in that event, remains, and upon the grave charges therein another hearing must speedily follow, in the course of which it will be required of the Court to instruct the jury that the presumption of innocence, at the threshold of trial, protects the respondent.

Trial or plea of guilty must follow; the case is unfinished, still pending.

If on the other hand the law court overrules the appeal, judgment is to be entered of record. In fine there is no conviction in the sense in which we are now using the term, until judgment is ordered, and nothing remains to be done, except the discharge of the prisoner, or execution of sentence.

The case having come up on report, the mandate is,

*Writ of certiorari to issue.*