STATE OF MAINE
*vs.*
P. EDWARD DEBERY, APPLT.

Sagadahoc.    Opinion, February 24, 1954.

*Harold J. Rubin,* for State.

*Blaisdell & Blaisdell,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

MERRILL, C. J.    On report.    This case is reported on an agreed statement of facts.  The defendant is charged with a violation of R. S. (1944), Chap. 19, Sec. 132, as amended,

to wit, operating a motor vehicle on a highway in Maine "after his right to operate motor vehicles had been revoked by the Secretary of State."

The defendant had been tried in the Superior Court for the County of Sagadahoc, at the June 1952 Term thereof, on a charge of operating a motor vehicle while under the influence of intoxicating liquor. At the close of the evidence he moved for a directed verdict of not guilty and, upon its refusal, noted exceptions thereto. After verdict of guilty and sentence, he perfected his exceptions which were filed and allowed and are now pending before this court.

On July 1, 1952, and while said exceptions were pending, an attested copy of the record of his conviction having been certified to the Secretary of State, the Deputy Secretary of State, without notice or hearing, summarily revoked his right to operate motor vehicles in the State of Maine and revoked his license numbered 96578 issued on the first day of January, 1952. On the same date, to wit, July 1, 1952, notice of this action by the Deputy Secretary of State was mailed to the defendant. On the fourth day of September, 1952 the defendant operated a motor vehicle on a highway in the State of Maine. At the time of such operation he had not received the notice of the claimed revocation of his "license and right to operate motor vehicles," the letter containing the notice not having been delivered to him.

It is for the operation of his automobile on September 4, 1952 after the aforesaid alleged revocation of his license and right to operate motor vehicles on the highways of this State that the defendant is here being prosecuted.

The Secretary of State assumed to revoke the defendant's right to operate motor vehicles under the following clause of R. S. (1944), Chap. 19, Sec. 121, as amended, which reads as follows: "The license or right to operate motor

vehicles of any person *convicted* of violating the provisions of this section shall be *revoked immediately* by the Secretary of State upon receipt of an attested copy of the court records, *without further hearing."* Emphasis ours.

It is for violation of R. S. (1944), Chap. 19, Sec. 132 that the defendant is now being prosecuted. That section provides "No person shall operate a motor vehicle after his license or right to operate has been suspended or revoked,". The complaint alleges operation after *revocation.*

Unless the license or right to operate motor vehicles by the defendant had been *legally* revoked by the Secretary of State as directed in this section of the statute he is not guilty of the offense charged. The revocation of the license or right to operate is one of the essential facts which must be proved to establish the commission of the crime with which the defendant is here charged.

The right of the Secretary of State to summarily revoke the defendant's license or right to operate was dependent upon his *conviction* of violating the provisions of Section 121 of said chapter, which is the section making it an offense to operate a motor vehicle "when intoxicated or at all under the influence of intoxicating liquor."

The meaning of the word "convicted" or the word "conviction" when used in a criminal statute varies with the context of the particular statute in which it is used. *Donnell* v. *Board of Registration,* 128 Me. 523. In a case such as this, the defendant is not deemed to have been convicted so that the Secretary of State may summarily revoke his license until the case has reached such a stage that no issue of law or fact determinative of his guilt remains to be decided. The end of a criminal case has not been reached if exceptions to the refusal to direct a verdict for the defendant are still pending in the Law Court. Such case is pend-

ing notwithstanding verdict and sentence. See R. S. (1944), Chap. 135, Sec. 29.

> "They (such cases) shall be marked 'law' on the docket of the county where they are pending, and there continued until their determination is certified by the clerk of the law court to the clerk of courts of the county, etc." R. S., (1944) c. 91, § 14.

It goes without saying that the determination of the Law Court may not end a criminal case which is before it on exceptions. The exceptions may be sustained and a new trial granted. The complaint or indictment in that event remains, and the defendant must still answer thereto. The case is unfinished and still pending until finally disposed of by plea, trial, or otherwise. On the other hand, if the Law Court overrules the exceptions judgment is to be entered of record. In fine, there is no conviction in the sense in which we are now using the term until the guilt of the defendant has been legally and finally determined and adjudicated. However, once the guilt of the defendant has been finally determined, for the purposes of R. S. (1944), Chap. 19, Sec. 121, he is deemed to have been convicted "whether or not he was placed on probation without sentence or under a suspended sentence or the case was placed on file or on special docket." R. S. (1944), Chap. 19, Sec. 122.

A statute authorizing revocation of the license "of a person convicted" of crime does not authorize the revocation thereof while the validity of the alleged conviction is subject to the determination of this court on exceptions in the same cause. For a full collection of the authorities see *Donnell* v. *Board of Registration*, 128 Me. 523, and extensive note 113 A. L. R. 1180, et seq.

In the *Donnell* case it was held that a physician who had been found guilty by a jury of a crime committed in the course of his profession and who had been sentenced there-

for, as long as the cause was pending before this court, had not been convicted of such crime within the meaning of the statute allowing revocation of his license upon conviction thereof. It further held that revocation of his license at a time when the criminal case was pending in this court could not be sustained on the ground that he had been convicted of such crime, and that such attempted revocation was void. That case is determinative of the issue before us in the present case.

Inasmuch as the condition upon which the Secretary of State was authorized to summarily revoke the defendant's license or right to operate motor vehicles, to wit, conviction of violating R. S. (1944), Chap. 19, Sec. 121, had not occurred, the attempted revocation of the defendant's license was *void*.

Upon the agreed statement of facts we hold that the defendant's license or right to operate motor vehicles had not been legally revoked. He therefore cannot be convicted of operating a motor vehicle after his license or right to operate motor vehicles had been revoked. See *State* v. *Lamos,* 26 Me. 258. As this issue is determinative of the case we need not consider other issues raised by the defendant. By failing to do so, however, we do not in any way intimate our opinion thereon.

In accordance with the agreement of the parties and the terms of the report the defendant is adjudged not guilty and is to be discharged.

> *Case remanded to court below.*
>
> *Judgment to be entered in accord with this opinion.*
>
> *Defendant to be discharged.*