Terry John MAGUIRE, Appellant,

v.

Jack FULTON, Commissioner of Department of Public Safety and the State of Iowa, Appellees.

No. 53967.

Supreme Court of Iowa.

Sept. 2, 1970.

Law Offices of Matt Walsh, by James L. Abshier, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., and John E. Beamer, Asst. Atty. Gen., for appellees.

MOORE, Chief Justice.

The facts here are not disputed. Plaintiff was arrested April 30, 1969 and charged with the motor vehicle violation known as drag racing. A justice of the peace found him guilty on May 12 and he immediately appealed to the Pottawattamie County District Court. After receiving certification of the record from the justice of the peace defendant-commissioner, performing what he believed was his mandatory duty under Code section 321.209(8), revoked plaintiff's driver's license for one year beginning May 23, 1969. Plaintiff then filed this action in equity seeking to enjoin revocation during pendency of his appeal. The trial court, without the benefit of a plaintiff's brief, held the judgment of the justice of the peace was a "final conviction" within the meaning of section 321.209 and denied plaintiff the relief sought. Plaintiff has appealed. We reverse.

I. The one year revocation period which commenced May 23, 1969 has now expired. As to plaintiff's interest it appears the question presented on this appeal has now become moot and perhaps the appeal should be dismissed. We decline, however, to do so.

When the issue presented is of substantial public interest there exists a permissible exception to the general rule that a case which has become moot or presents

only an academic question will be dismissed on appeal. Board of Directors Ind. Sch. Dist. of Waterloo v. Green, 259 Iowa 1260, 1264, 147 N.W.2d 854, 856; Danner v. Hass, 257 Iowa 654, 659, 660, 134 N.W.2d 534, 538, 539, and citations.

5 Am.Jur.2d, Appeal and Error, section 768, pages 211, 212, states: "Among the issues of which the courts frequently retain jurisdiction because the public interest is involved, although the immediate issues may have become moot, are questions of constitutional interpretation, issues as to the validity *or construction of statutes or the propriety of administrative rulings,* or cases having to do with the collection of the public revenue." (Emphasis added.)

II. Section 321.209(8), Code, 1966, provides in part: "The department shall forthwith revoke the license of any operator or chauffeur, or driving privilege, upon receiving a record of such operator's or chauffeur's conviction of any of the following offenses, when such conviction has become final: * * *

"8. Conviction of drag racing."

Defendant-commissioner asserts plaintiff's conviction in the justice court was a final conviction within the meaning of section 321.209 and that it was his mandatory duty to invoke the one year revocation.

Plaintiff's position is the justice court conviction was not final due to his immediate appeal to the district court. He argues the commissioner is reading out of the statute the words "when such conviction has become final".

Faced with construction or interpretation of the statute we first set out some of the general rules to be applied when we attempt to determine the purpose and intention of the legislature.

■ If the language of a statute when given its plain and rational meaning is precise and free from ambiguity, no more is necessary than to apply to the words used

their ordinary sense in connection with the subject considered.

■ Effect must be given, if possible, to every word, clause and sentence of a statute. It should be construed so that effect is given to all its provisions and no part will be inoperative or superfluous, void or insignificant.

■ Of course, all provisions of the Act of which it is a part and other pertinent statutes must be considered.

■ No court under the guise of construction may extend, enlarge, or otherwise change the terms and meaning of a statute.

Support for the above general principles is found in these authorities. Consolidated Freightways Corp. v. Nicholas, 258 Iowa 115, 137 N.W.2d 900; State v. Valeu, 257 Iowa 867, 134 N.W.2d 911; Bergeson v. Pesch, 254 Iowa 223, 117 N.W.2d 431; Monroe Com. Sch. Dist. v. Marion Co. Bd., 251 Iowa 992, 103 N.W.2d 746; Board of Directors v. Blakesley, 240 Iowa 910, 36 N.W.2d 751; Code section 4.1(2); 82 C.J.S. Statutes § 345; 50 Am.Jur., Statutes, section 456; Sutherland Statutory Construction, 3rd Ed., Vol. 2, chapter 47.

III. Code section 321.207 requires every court having jurisdiction over offenses committed under chapter 321 to forward to the department of public safety a record of the conviction of a person for violation of any of said laws.

Section 321.210 provides: *"Authority to suspend—point system.* The department is hereby authorized to suspend the license of an operator of chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

"1. Has committed an offense for which mandatory revocation of license is required upon conviction.

"2. Is an habitually reckless or negligent driver of a motor vehicle.

"3. Is an habitual violator of the traffic laws.

"4. Is incompetent to drive a motor vehicle.

"5. Has permitted an unlawful or fraudulent use of such license.

"6. Has committed an offense in another state which if committed in this state would be grounds for suspension or revocation.

"7. Has committed a serious violation of the motor vehicle laws of this state."

Section 321.211 requires immediate notice to a licensee of suspension and affords him an opportunity for a hearing before the commissioner or his duly authorized agent and grants the department a right to rescind or alter its order of suspension.

Section 321.212 includes " * * * upon revoking a license the department shall not in any event grant application for a new license until the expiration of one year after such revocation."

■ Study of the provisions of chapter 321 clearly shows a mandatory revocation neither grants a right of hearing before the commissioner nor any discretion to him to reconsider the order of one year revocation. From this we conclude the words "when such conviction has become final" in section 321.209 mean more than a finding of guilt in a justice court.

This conclusion is supported by these sections of the Code.

"*762.43 Appeal—how taken.* The justice rendering a judgment against the defendant must inform him of his right to an appeal therefrom * * * and the defendant may thereupon take an appeal, by giving notice orally to the justice * * * or by delivering to the justice, not later than twenty days thereafter, a written notice of his appeal, * * *."

"*762.48 Trial on appeal—procedure.* The cause shall stand for trial anew in the district court in the same manner that it should have been tried before the justice, and as nearly as practicable as an issue of fact * * *; and the court has full power over the case, the justice of the peace, his docket entries, and his return, to administer the justice of the case according to the law, and shall give judgment accordingly."

"*762.49 Dismissal of appeals prohibited.* No appeal from the judgment of a justice of the peace in a criminal case shall be dismissed."

■ IV. The term "final conviction" cannot be given a hard and fast definition. Where that term or such a term as used in section 321.209 is found in a statute, its meaning depends upon the intention of the legislature as disclosed by the context of the statute in which it is used in correlation with other statutes bearing upon the subject. It may be final for one purpose and not for another. Thompson v. Thompson, N. D., 78 N.W.2d 395, 398; State v. Berres, 270 Wis. 103, 70 N.W.2d 197, 199; State v. DeBery, 150 Me. 28, 103 A.2d 523, 524; Parker v. State Highway Department, 224 S.C. 263, 78 S.E.2d 382, 384.

In 49 C.J.S. Judgments § 11, page 35, the editor states: "In determining whether a judgment is 'final,' no hard and fast definition or test applicable to all situations can be given, since finality depends somewhat on the purpose for which, and the standpoint from which, the judgment is being considered, and it may be final for one purpose and not for another."

We have not heretofore considered the question now presented. Our holdings, however, in this general area demonstrate context must be carefully considered. Vinsant v. Vinsant, 49 Iowa 639, holds a statute authorizing a divorce for a felony conviction refers only to a conviction which is final and absolute, either because of affirmance in the appellate court or because no appeal has been prosecuted. Hackett v. Freeman & Graves, 103 Iowa 296, 72 N.W. 528, holds pendency of an appeal

from a judgment of conviction does not render the conviction incompetent for the purpose of impeachment of a witness under the statute authorizing impeachment on the ground of a felony conviction.

Other jurisdictions have considered the meaning of "conviction" or "final conviction" in cases involving driver's license suspension or revocation. The results appear to be in direct conflict but study of each reveals the holding results from the particular wording of the statute or other provisions of the act being considered.

Allen v. Texas Department of Public Safety, Tex.Civ.App., 411 S.W.2d 644, 646, states: "[I]t appears that the legislative intent of Art. 6687b § 24(a), par. 2 is that a 'final conviction', as the term is used therein, is a judgment of conviction from which an operator, convicted of driving while under the influence of intoxicating liquor, has exhausted his right to appeal."

State v. DeBery, 150 Me. 28, 103 A.2d 523, 524, states: "The meaning of the word 'convicted' or the word 'conviction' when used in a criminal statute varies with the context of the particular statute in which it is used. Donnell v. Board of Registration, 128 Me. 523, 149 A. 153. In a case such as this, the defendant is not deemed to have been convicted so that the Secretary of State may summarily revoke his license until the case has reached such a stage that no issue of law or fact determinative of his guilt remains to be decided."

Ashcraft v. State, 68 Okl.Crim. 308, 94 P.2d 939, 945, states: "That, after final conviction of a party in a court of record, the court has the power, and it is its duty to require the defendant to surrender to it all operator's or chauffeur's licenses held by such person so convicted. * * * If an appeal is taken to the Criminal Court of Appeals, in the manner provided by law, the conviction does not become final until the judgment has been affirmed, and a mandate returned to the trial court."

Barbour v. Scheidt, 246 N.C. 169, 97 S.E.2d 855, 858, states: "But, where a defendant appeals, although the judgment may have been suspended, it will not be deemed a final conviction unless the judgment of the trial court is upheld by the appellate court."

Defendants cite Goulter v. Huse, 196 Wash. 652, 84 P.2d 126, which holds an appeal neither "annuls or wipes out" a conviction in a trial court. It must be noted, however, that revocation by the trial court is made part of the penalty for operating a motor vehicle while intoxicated. The opinion stresses the fact the appeal might be dismissed. As we have pointed out our Code section 762.49 prohibits a dismissal of an appeal from justice court.

Defendants rely heavily on the holding in State v. Berres, 270 Wis. 103, 70 N.W.2d 197, which construes the Wisconsin statute which provides the commissioner "shall forthwith revoke the operator's license when the conviction (O.M.V.I.) has become final" as meaning a conviction in the trial court. It must be noted the Wisconsin Act includes this (section 25a) "Whenever a conviction is reversed, set aside or vacated, the department shall forthwith reinstate and restore any valid operator's license which had been surrendered by such licensee." Our Act contains no such provision.

■ V. Applying the applicable rules of construction to the words "when such conviction has become final" in the context in which they are used we conclude they mean that when an appeal is taken the conviction is not final until the avenues of review are exhausted. The commissioner acted improperly in revoking plaintiff's driver's license under section 321.209.

The trial court should have granted the injunctive relief sought. The one year revocation period has expired, as we point out in Division I, we therefore remand this

matter to the trial court only for entry of a decree assessing costs against defendants.

Reversed and remanded.

All Justices concur except REES, J., who takes no part.