UNITED STATES of America, Appellee,

v.

**Armand W. SAMSON,**
**Defendant-Appellant.**

No. 75–1364.

United States Court of Appeals,
First Circuit.

Argued March 4, 1976.

Decided April 13, 1976.

Ray R. Pallas, Westbrook, Maine, by appointment of the Court, for defendant-appellant.

Peter Mills, U. S. Atty., Portland, Maine, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Defendant was indicted in the district court for the District of Maine for receiving firearms in commerce after having "been convicted by a court . . . of a felony." 18 U.S.C.App. § 1202(a)(1). It appeared at the trial that the alleged firearms had been stolen in New York on January 30, and were purchased by defendant at his apartment in Maine on February 14 and 15, 1975. At that time defendant had been convicted of a felony in the state court, but the conviction was (and presently is) on appeal.

Defendant's present appeal raises several matters. His first contention is that the statute requires a final conviction. Concededly, this is solely a question of construction; lawfully a classification may be based upon a mere indictment. *United States v. Craven,* 6 Cir., 1973, 478 F.2d 1329, *cert. denied,* 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85; *United States v. Thoresen,* 9 Cir., 1970, 428 F.2d 654, 661–62. Defendant argues that where Congress did not include indictments, it must have intended the other extreme. This does not follow. By its normal meaning a defendant has been "convicted by a court" even though the conviction may sometime be reversed. Whether only a final conviction is meant in the particular instance is a matter of overall intent. If the disability imposed by the statute is sufficiently serious to the defendant, it might be appropriate to take the more restricted meaning. *E.g., Donnell v. Board of Registration,* 1930, 128 Me. 523, 149 A. 153 (cancellation of physician's registration); *State v. DeBery,* 1954, 150 Me. 28, 103 A.2d 523 (revocation of driver's license without notice of hearing); *cf. State v. Mottram,* 1962, 158 Me. 325, 184 A.2d 225 (enhanced sentence for "habitual offender"). But where the consequences of the deprivation are relatively slight compared with the gravity of the public interest sought to be protected, we would give "convicted by a court" its normal meaning. *United States v. Wooten,* 4 Cir., 1974, 503

F.2d 65 (per curiam); *United States v. Liles,* 9 Cir., 1970, 432 F.2d 18; *cf. United States v. Williams,* 8 Cir., 1973, 484 F.2d 428, 430; *Cassity v. United States,* 6 Cir., 1975, 521 F.2d 1320. Nor are we persuaded by defendant's claim that since what is regarded as a felony may be measured by state law, *see* 18 U.S.C.App. § 1202(c)(2) Congress intended the meaning of convicted to depend upon the local law's singularities, if any.

The government did not fail to prove that the items were in fact firearms. Its expert's qualifications were for the court to determine. It was not necessary for the arms actually to have been fired in order to establish that they were firearms. *See* 18 U.S.C.App. § 1202(c)(3); *United States v. Liles,* ante, 432 F.2d at 19–20.

Finally, defendant attacks the sufficiency of the warrant. The reliability of the secret informant was sufficiently established; the elapse of time was adequately short, and the descriptions were exact. Finally, the location of defendant's apartment was established; the sole question is whether there was shown a sufficient likelihood of the guns being there. The informant had stated that defendant had brought the handguns to the informant's apartment and exhibited them for sale, and had then left with them, "and as far as he knows [defendant] took the guns to his apartment." The question is perhaps close. However, the affidavit, at least by a reasonable inference, indicates that defendant had no regular place of business. If he was peddling the guns, we think it a fair inference that their regular storage place would be at his personal abode, particularly when he was there himself. *Cf. United States v. Rahn,* 10 Cir., 1975, 511 F.2d 290, 293–94, *cert. denied,* 423 U.S. 825, 96 S.Ct. 41, 46 L.Ed.2d 42, 10/6/75; *United States v. Lucarz,* 9 Cir., 1970, 430 F.2d 1051, 1055. The officers entered when defendant was in the apartment. The motion to suppress was properly denied.

*Affirmed.*