STATE of Maine

v.

Robert DUNN.

Supreme Judicial Court of Maine.

March 2, 1977.

Robert S. Raymond, Waldemar G. Buschman, Asst. Attys. Gen., Augusta, for plaintiff.

Jude & Cox by Robert E. Cox, Newport, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

Appellant was found guilty by a jury of violating former 17 M.R.S.A. § 1601 (cheating by false pretenses) and former 17 M.R.S.A. § 2101 (grand larceny). From a judgment entered on the jury verdicts, appellant seasonably appealed.

We deny the appeal.

Appellant raises three issues on appeal: the sufficiency of the evidence to support his conviction; failure to declare a mistrial because of the introduction of a prior conviction in which the appeal was pending; and failure to declare a mistrial because the State attempted to introduce a prior juvenile conviction.

* WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

It is unnecessary to outline in detail the complicated set of facts found in this case. Suffice it to say that the reasoning of the court as expressed by Mr. Justice Archibald in *State v. Dunn,* Me., 368 A.2d 595 (1977)[1] is dispositive of the claim that the evidence was insufficient to justify the conviction for cheating by false pretenses.

■ Appellant's assertion that there was insufficient evidence to support the larceny conviction is likewise without merit. While appellant is correct in stating that the victim assisted in the transportation of the vehicles in question, it does not automatically mean that there are no facts which would support a finding of felonious intent to take and carry away the property. The victim in this case, the jury found, assisted in the removal of the vehicles because of false representations made to him by appellant. The record clearly establishes that appellant likewise assisted in the *"carrying away"* of the vehicles. The same facts which support the jury's finding of cheating by false pretenses, i.e., appellant knew he and his business associate had made false representations on which the victim relied, are likewise sufficient to support a finding of felonious intent by the appellant.

■ Appellant also claims as error the trial court's refusal to declare a mistrial after the State introduced evidence of a prior conviction from which an appeal was pending.[2]

To decide the correctness of this ruling, it becomes necessary to ascertain what was intended when the legislature used the word *"conviction"* in 16 M.R.S.A. § 56,
*"but conviction of a felony, any larceny or any other crime involving moral turpitude may be shown to affect his credibility, . . . ."*[3]

As this court pointed out in *Donnell v. Board of Registration,* 128 Me. 523, 524–25, 149 A. 153, 154 (1930):
*"Even superficial reading of statutes and opinions of courts interpreting them reveals that in the language of criminal jurisprudence, here and in Great Britain, the word 'conviction' has distinct and different meanings."*

In that case, what was then R.S., c. 18, § 14 was involved. A petition for writ of certiorari was used to challenge the right of the Board of Registration of Medicine to revoke Donnell's certificate of registration as a physician. A jury had found him guilty of the crime of manslaughter. A motion for new trial after verdict and before sentence was filed and overruled. Appeal had been seasonably entered and was pending in the Law Court.

The Board of Registration purported to act according to the provisions of then R.S., c. 18, § 14, which read:
*"Said board, after a conviction before a proper court, for crime in the course of professional business, of any person to whom a certificate has been issued by them, and after hearing, may by vote of two-thirds of the entire board revoke the certificate and cancel the registration of the person to whom the same was issued."*

This court, in interpreting that statute, held that on the facts in that case there was no *"conviction"* in the sense in which the term had been used in the statute, and would not be, until judgment was ordered and nothing remained to be done except execution of the sentence.

A similar result was reached in *State v. DeBery,* 150 Me. 28, 103 A.2d 523 (1954).

---

1. A case involving the same defendant. Its factual framework was very similar to that now before us.

2. *See State v. Gervais,* Me., 317 A.2d 796, 801 (1974), wherein we said:
   *"Nothing in this opinion is intended to intimate the views of this Court concerning the admissibility, for purposes of impeachment, of a conviction which is not final and is under appeal, where such testimonial inquiry into a*

*defendant's prior criminal record is initiated by the State on cross-examination, and the defendant has not opened up the question in the presentation of his case in chief."*

3. Rule 609, Me.R.Evid., effective February 2, 1976, contains the phrase *"has been convicted of a crime."*

The statute there examined was R.S. 1954, c. 19, § 121, which read:

> "The license or right to operate motor vehicles of any person convicted of violating the provisions of this section shall be revoked immediately by the Secretary of State upon receipt of an attested copy of the court records, without further hearing."

The court said:

> "In a case such as this, the defendant is not deemed to have been convicted so that the Secretary of State may summarily revoke his license until the case has reached such a stage that no issue of law or fact determinative of his guilt remains to be decided. The end of a criminal case has not been reached if exceptions to the refusal to direct a verdict for the defendant are still pending in the Law Court." State v. DeBery, supra, 150 Me. at 30, 103 A.2d at 524.

As the United States Court of Appeals for the First Circuit recently said in *United States v. Samson,* 533 F.2d 721 (1st Cir. 1976):

> "By its normal meaning a defendant has been 'convicted by a court' even though the conviction may sometime be reversed. Whether only a final conviction is meant in the particular instance is a matter of overall intent. If the disability imposed by the statute is sufficiently serious to the defendant, it might be appropriate to take the more restricted meaning. [citations omitted.] But where the consequences of the deprivation are relatively slight compared with the gravity of the public interest sought to be protected, we would give 'convicted by a court' its normal meaning." Id., at 722.

In the instant case we consider the intendment of 16 M.R.S.A. § 56 to be that the word *"convicted"* must be given a normal

meaning even though the conviction may sometime be reversed. We find no error in the ruling of the trial court refusing to declare a mistrial.

■ Appellant's third argument of error also springs from a denial of a motion for a mistrial. The State, based on incorrect information, attempted to introduce evidence of a prior conviction of cheating by false pretenses. The court ruled that the conviction occurred when appellant was juvenile and excluded the conviction. The appellant did not request that a curative instruction be given. The trial justice did instruct the jury to disregard any convictions that had been excluded as evidence when he instructed them finally.

Considering that a prior conviction of a similar offense was properly admissible and was admitted in evidence, we cannot say that the trial court's failure to give an immediate curative instruction sua sponte was prejudicial to the appellant. The trial justice did not abuse his discretion in denying the motion for a new trial.

As none of the issues raised by appellant are meritorious, the appeal must be denied.

The entry is:

Appeal denied.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

DELAHANTY, J., did not sit.

All Justices concurring.