TORRUELLA, Circuit Judge,
Concurring.
Faced with statutory language highly analogous to that now on appeal, the Supreme Court has held that Congress may impose civil disabilities, enforceable via criminal sanctions, based on the existence of a constitutionally infirm prior predicate conviction. Lewis v. United States, 445 U.S. 55, 65-68, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). Doing so, the Supreme Court concluded, does not threaten the rights of individuals so disabled. Id. at 67, 100 S.Ct. 915 (“Enforcement of [an] essentially civil disability through a criminal sanction does not ‘support guilt or enhance punishment ____’ ” (quoting Burgett v. Texas, 889 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967))). I disagree, being fully persuaded by the existence of significant constitutional concerns as articulated by the dissenting justices in that case. Id. at 72, 100 S.Ct. 915 (Brennan, J., dissenting) (“Here, petitioner could have not been tried and convicted for violating [SORNA] in the absence of his previous felony conviction. It could not be plainer that his constitutionally void conviction was therefore used ‘to support guilt’ for the current offense.”); see also Burgett, 389 U.S. at 115, 88 S.Ct. 258 (holding that constitutionally infirm convictions may not be used to “support guilt or enhance punishment for another offense”).
I am also troubled by the thought that this exception, borne out of a civil disability seen as relatively insignificant by reviewing courts, may apply uniformly to validate disabilities far more severe. Compare Lewis, 445 U.S. at 66, 100 S.Ct. 915 (highlighting that there are “activities far more fundamental than the possession of a firearm”), and United States v. Samson, 533 F.2d 721, 722 (1st Cir.1976) (calling firearm dispossession “slight compared with the gravity of the public interest sought to be protected”), with Samson, 533 F.2d at 722 (“[I]f the disability imposed by the statute is sufficiently serious to the defendant, it might be appropriate to [adopt a] more restricted meaning [of the phrase ‘convicted by a court’].”), and United States v. Parks, 698 F.3d 1, 5 (1st Cir.2012) (“SORNA is surely burdensome for those subject to it.”).
Nonetheless, it is the job of an appellate judge to faithfully apply the law as articulated by the Supreme Court. See Lewis, 445 U.S. at 65-68,100 S.Ct. 915. And that faithful respect extends, in equal measure, to prior precedent from this court. See United States v. Snyder, 235 F.3d 42, 51-53 (1st Cir.2000). Here, although troubled by the result, I believe the majority’s conclusion is consistent with our binding precedent. Accordingly, I concur. I write separately, however, to urge that we hold the line where we now stand (already on ground both slippery and sloping) so that the protections of Burgett, 389 U.S. 109, 88 *526 S.Ct. 258, and its progeny are not further eroded.