## IN THE COURT OF APPEALS OF IOWA

No. 16-1937
Filed June 7, 2017

**IN RE THE MATTER OF THE GUARDIANSHIP OF A.L.G.B.,**
**Minor child.**

**R.G-B.,**
        Appellant,

**V.G-B and R.G-B.,**
        Appellees.
_____


        Appeal from the Iowa District Court for Henry County, Michael J. Schilling,

Judge.


        A biological mother appeals the district court's denial of her motion to

dismiss a previous order establishing a guardianship for the mother's child.

**REVERSED AND REMANDED.**


        Diana L. Miller and Sarah S. James of Whitfield & Eddy, P.L.C., Des

Moines, for appellant.

        Patrick C. Brau of Brau Law Office, Mt.Pleasant, for appellees.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Raney, the biological mother of A.L.G.B., appeals from the district court's denial of her motion to dismiss the guardianship for A.L.G.B. As she did in her motion, Rainey maintains the district court could only exercise emergency temporary jurisdiction over child-custody proceedings involving A.L.G.B. at the time the initial temporary guardianship commenced; because the district court failed to enter the temporary order in accordance with the statute controlling temporary emergency jurisdiction, the court did not have jurisdiction to enter the final order. She asks us to find the guardianship is void.

**I. Background Facts and Proceedings.**

A.L.G.B. was born in Missouri in June 2014. Within a few days of A.L.B.G.'s birth, Raney brought her to Iowa, and she remained living in the state until September. Raney and A.L.B.G. then returned to Missouri, where they resided until mid-July 2015 when Raney asked the appellees to bring A.L.G.B. to Iowa to live with them while she sought treatment for her heroin addiction.

Less than one month later, on August 5, the appellees filed a petition asking the court to appoint them the temporary guardians of A.L.G.B. In their petition, the appellees alleged, "The proposed ward is a resident of the State of Iowa." The petition did not include a jurisdictional affidavit, as required by Iowa Code section 598B.209 (2015), and it is now undisputed Iowa was not the "home state" of A.L.G.B., as statutorily defined. *See* Iowa Code § § 598B.204(1). On the same day, Raney filed a written consent to the guardianship, and the court appointed the appellees the temporary guardians of A.L.G.B., finding, "It is necessary to protect the health and safety of A.L.[G.]B. to appoint the Petitioners,

proposed guardians, as temporary guardians, until such time as there is a hearing and judgment on the Petition for Appointment of Guardians (Involuntary)."

On January 21, 2016, the appellees filed a motion asking the court to "set a hearing on the Petition for Appointment of Guardians (Involuntary)." The court set a hearing on "said Petition" for February 29. Raney again filed written consent, stating she "confirm[ed] that it is in the best interests of A.L.G.[B.] that the Court grant the guardianship of A.L.G.[B.] and appoint" the appellees the guardians.

At the February 29 hearing, Raney testified about the possible natural father of A.L.G.B. Due to the new information, following the hearing, the court filed a written order requiring that the named man be served. The court did not otherwise rule on the petition to appoint guardians.

On April 7, the court filed a written ruling. In it, the court noted the biological father had been served and indicated he had no objection to the proposed guardianship. The court also noted Raney's consent to the guardianship. The court found it was "necessary to appoint guardians for the protection of the health and safety of A.L.G.B." and then appointed the appellees as guardians.

Raney filed a motion to dismiss the guardianship for lack of subject matter jurisdiction on August 26. In the petition, Raney maintained that Iowa was not the "home state" of A.L.G.B. at the time the appellees were appointed temporary guardians, so the court could not have had subject matter jurisdiction. *See* Iowa Code § 598.102(7) ("'Home state' means the state in which a child lived with a

parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding."). Additionally, she claimed that the court did not have temporary emergency jurisdiction either because the court failed to make any of the necessary or factual legal findings to assert that jurisdiction. Alternatively, she maintained that even if the court had properly exercised temporary emergency jurisdiction to enter the temporary guardianship, the temporary guardianship could not "ripen" into a permanent or final determination because the emergency order did not warn or advise that it may become permanent.

On September 21, a hearing was held on Raney's motion to dismiss. At the hearing, Raney appeared to narrow the issues previously raised in her motion; she conceded the grounds existed for the district court to exercise temporary emergency jurisdiction, pursuant to Iowa Code section 598B.204, when it appointed the appellees temporary guardians. Additionally, Raney conceded "that between the temporary order and final order at least six months had passed and the child continued to reside in the state of Iowa for the entire duration between those two orders." The court then asked Raney the following:

> [D]oes your argument about subject matter jurisdiction, then, rise or fall on your contention that the Court does not—that . . . because the Court did not specify in the temporary order that it might become a final child custody determination, that the Court lacked subject matter jurisdiction to enter the final order?

Raney agreed that it did.

The district court filed a written ruling denying Raney's motion. The court relied on the fact that more than six months with A.L.G.B. residing in Iowa had passed between the filing of the petition for temporary guardianship and the

court's final guardianship order. Additionally, the court determined the need for the "if it so provides" language in Iowa Code section 598B.204—the section controlling temporary emergency jurisdiction—was "superfluous."

Raney appeals.

## II. Standard of Review.

"We conduct a de novo review of jurisdictional issues raised under the [Uniform-Child Custody Jurisdiction and Enforcement Act] (UCCJEA)." *In re E.D.*, 812 N.W.2d 712, 715 (Iowa Ct. App. 2012).

## III. Discussion.

### A. Subject Matter Jurisdiction.

At the hearing on the motion to dismiss, the parties agreed the court was entitled to exercise temporary emergency jurisdiction over child-custody proceedings involving A.L.G.B. at the time it entered the temporary guardianship order. *See* Iowa Code § 598B.204(1) ("A court of this state has temporary emergency jurisdiction if the child is present in this state and . . . it is necessary in an emergency to protect the child because the child . . . is subjected to or threatened with mistreatment or abuse."), *see also E.D.*, 812 N.W.2d at 717 (noting courts have interpreted this jurisdictional ground to include a parent's substance abuse problems). The parties also agreed the temporary order did not contain language that the child-custody determination—appointing appellees as temporary guardians—would become final. *See* Iowa Code § 598B.204(2) ("[A] child-custody determination made under this section becomes a final determination, *if it so provides* and this state becomes the home state of the child." (emphasis added)).

The dispute is whether the issue of subject matter jurisdiction could "ripen" during the pendency of the proceedings when the temporary order did not advise or warn that the temporary order could become permanent. The appellees did not file a brief on appeal, *see* Iowa R. App. P. 6.901(1)(b), but at the hearing, they maintained any jurisdictional issues involving the temporary order did not affect the jurisdiction of the court at the time the second order was entered because Iowa was the "home state" of A.L.G.B. at the time the appellees filed their motion to have the court set a hearing on the guardianship. *See* Iowa Code § 598B.201(1)(a) (providing "a court of this state has jurisdiction to make an initial child-custody determination only if . . . [t]his state is the home state of the child on the date of the commencement of the proceeding").

We begin our analysis by noting that a party may challenge subject matter jurisdiction at any time. *See E.D.*, 812 N.W.2d at 715. Additionally, "subject matter jurisdiction is a statutory matter and cannot be waived by consent, waiver, or estoppel." *State v. Madicino*, 509 N.W.2d 481, 482 (Iowa 1993). "If we determined subject matter jurisdiction is lacking, the only appropriate disposition is to dismiss [the guardianship]." *E.D.*, 812 N.W.2d at 715.

Based on the explicit language of section 598B.204(2), "a child-custody determination made under [the] section becomes a final determination, if it so provides *and* this state becomes a home state of the child." (Emphasis added.) In its ruling, the district court determined the court had subject matter jurisdiction to enter the final order because one of the two requirements had occurred—the state had become the home state of A.L.G.B. In doing so, the court ignored the statutory requirement that the temporary order provide it could become

permanent. In fact, in its ruling, the court found the statutory language of "if it so provides" to be "superfluous." "Effect must be given, if possible, to every word, clause and sentence of a statute. It should be construed so that effect is given to all its provisions and no part will be inoperative or superfluous, void or insignificant." *Maguire v. Fulton*, 179 N.W.2d 508, 510 (Iowa 1970). Moreover, we have considered this statutory language before and determined "the temporary order *must* provide that it becomes a final determination." *E.D.*, 812 N.W.2d at 721 (emphasis added).

Because the temporary guardianship order did not contain language advising it could become a final determination, the district court did not have subject matter jurisdiction to enter the final guardianship order. Thus, we must reverse the district court's ruling denying Raney's motion to dismiss the final order appointing the appellees guardians of A.L.G.B. and remand for the order to be dismissed.

In doing so, we are not suggesting that the appellees can never be appointed the guardians of A.L.G.B. because the initial temporary order failed to advise that it could become permanent. In fact, we agree with the district court insofar as it determined that Iowa has now become the home state of A.L.G.B; she has resided in Iowa with "a person acting as parent for at least six consecutive months." Iowa Code § 598.102(7). And we note—as Raney noted at the hearing on the motion to dismiss—the juvenile court now has subject matter jurisdiction over child-custody proceedings involving A.L.G.B. pursuant to section 598B.201(1)(a); thus, the appellees could commence new proceedings to be appointed the guardians of A.L.G.B. The court simply could not exercise its

temporary emergency jurisdiction in contravention of the statute prescribing the requirements for jurisdiction. *See E.D.*, 812 N.W.2d at 721–22 (noting that when the temporary emergency order entered did not specify that it may become the final child-custody determination, the juvenile court "was without subject matter jurisdiction under section 598B.204(2)").

**B. Fees.**

Raney maintains she is entitled to attorney fees incurred in connection with her motion to dismiss, motion to enlarge and amend, and her appeal. She relies on Iowa Code section 598B.312(1).

We note that the language of section 598B.12 is mandatory, stating:

> *The court shall* award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney fees, investigative fees, expenses for witnesses, travel expenses, and child care expenses during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate.

(Emphasis added.)

Raney is entitled to reasonable fees. However, she has not submitted a fee affidavit, and we cannot determine what amount is reasonable. On remand, the district court is to determine "the necessary and reasonable expenses" Raney incurred.

**IV. Conclusion.**

The district court lacked subject matter jurisdiction to enter the final guardianship order; we reverse the district court's ruling denying the appellant's

motion to dismiss.  We remand for dismissal of the final order and for the district court to award "the necessary and reasonable expenses" Raney incurred.

**REVERSED AND REMANDED.**